# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

| | |
|---|---|
| **RICHARD L. BIBBS,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| **v.** | )    **CIVIL ACTION NO. 5:06-00461** |
| | ) |
| **DESOTO'S OF BECKLEY, INC.,** | ) |
| | ) |
|     **Defendant.** | ) |

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Defendant's Motion for More Definite Statement (Doc. No. 8.) and Plaintiff's letter addressed to the undersigned advising that he no longer wishes to pursue this civil action, which was docketed by the United States District Clerk's Office as a "Motion to Dismiss." (Doc. No. 9.)  By Standing Order filed on June 15, 2006, this matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. §636(b)(1)(B).  (Doc.  No. 3.)

## FACTUAL AND PROCEDURAL HISTORY

On June 13, 2006, Plaintiff, Richard L. Bibbs, acting *pro se*, filed a Complaint alleging discriminatory practices committed by Defendant, DeSoto's of Beckley, Inc., when he accommodated Defendant's establishment on September 10, 2005, in violation of 42 U.S.C. § 2000a, and an Application to Proceed *in Forma Pauperis*.[1] (Doc. Nos. 1 and 2.) By Order entered March 1, 2007 (Doc. No. 5.), Plaintiff's Application to Proceed *in Forma Pauperis* was granted, and Plaintiff was instructed to notify the Court within thirty days of its entry if he did not wish to prosecute this civil action. (Doc. No. 5 at 2.) A Summons was issued by the Clerk on March 1, 2007. (Doc. No. 6.) By

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Motion filed on March 23, 2007, Defendant, pursuant to Rule 12(e) of the Federal Rules of Civil Procedure, moved for an Order requiring Plaintiff to make a more definite statement of his claim. (Doc. No. 8.) As grounds for its Motion, Defendant contends that it cannot respond to Plaintiff's claims until Plaintiff states "precisely what type of 'cap/hat' he was allegedly not allowed to wear in the establishment." (Id. at ¶ 5.)

On March 27, 2007, Plaintiff, in response to the Court's Order entered March 1, 2007 (Doc. No. 5.), submitted a letter addressed to the Clerk, advising that he no longer wishes to pursue this civil action. (Doc. No. 9.) Plaintiff states:

> I am writing to inform the court that I DO NOT WISH TO PROSECUTE THIS CIVIL ACTION as the amount of time it took the court to rule on my IFP request has seriously hindered my ability to properly pursue the matter. I am not dismissing this matter due to a lack of merit but rather the inability to obtain witnesses at this point in time.

(Id.) Defendant has not objected to Plaintiff's letter requesting dismissal of this action.

## **ANALYSIS**

Rule 41(a)(2) of the Federal Rules of Civil Procedure provides that "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper." Fed. R. Civ. P. 41(a)(2).[2] The purpose of this rule "is freely to allow voluntary dismissals unless the parties will be unfairly prejudiced." Davis v. USX Corp., 819 F.2d 1270, 1273 (4th Cir. 1987). "A plaintiff's motion under Rule 41(a)(2) should not be denied absent

---

[2] Rule 41(a)(2) provides:

(2) **By Order of Court**. Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon the defendant of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

substantial prejudice to the defendant." Andes v. Versant Corp., 788 F.2d 1033, 1036 (4th Cir. 1986). It is well established that prejudice to the defendant does not result from the prospect of a second lawsuit. See Vosburgh v. Indemnity Ins. Co. of North America, 217 F.R.D. 384, 386 (S.D. W.Va. Sep. 12, 2003). In considering a motion under Rule 41(a)(2), the District Court should consider the following relevant, but non-dispositive, factors: "(1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal; and (4) the present stage of the litigation, i.e., whether a motion for summary judgment is pending." Id.

Regarding the first two factors and the fourth factor, the undersigned finds that Defendant has expended time in reviewing Plaintiff's allegations and preparing a Motion for More Definite Statement, but has not incurred any considerable expense in preparing for trial. Although this action was filed approximately one year ago, the case has not proceeded beyond the Defendant's filing a Motion for More Definite Statement. Accordingly, these factors weigh in favor of dismissal. In considering the third factor, the undersigned finds that Plaintiff has provided a sufficient reason for requesting dismissal of this civil action, any prejudice to the Defendant has been slight, and dismissal of this case will bring an end to it. Accordingly, the undersigned finds that Plaintiff's "Motion to Dismiss" (Doc. No. 9.) should be granted.

## PROPOSAL AND RECOMMENDATION

The undersigned therefore hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **GRANT** Plaintiff's Motion to Dismiss (Doc. No. 9.), **DENY** Defendant's Motion for More Definite Statement (Doc. No. 5.) as moot, and remove this case from the Court's docket.

The parties are hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Thomas E. Johnston. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules

6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have three days (mailing/service) and then ten days (filing of objections) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155, 106 S.Ct. 466, 475, 88 L.Ed.2d 435 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.) *cert. denied*, 467 U.S. 1208, 104 S.Ct. 2395, 81 L.Ed.2d 352 (1984). Copies of such objections shall be served on opposing parties, Judge Johnston, and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to counsel of record and to Plaintiff, who is proceeding *pro se*.

DATE: August 6, 2007.

R. Clarke VanDervort
United States Magistrate Judge

4